[No. 8427.  Department One.—May 8, 1885.]

## WILLIAM ASHURST, Respondent, v. W. A. FOUNTAIN ET AL., Appellants.

Estates of Deceased Persons— Citation— Service by Publication.—A citation in probate proceedings must be served in the same manner as a summons in a civil action, and where the person to be served has departed from the State, service may be made by publication.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Clinton L. White*, for Appellants, cited *Estate of Aveline*, 53 Cal. 259.

*H. S. Dixon*, for Respondent.

McKINSTRY, J.—The action is against the sureties on the undertaking of an administrator.

The complaint avers "that on the 11th day of April, 1881, said court (in which the settlement of the estate was pending) caused a citation to issue to said J. E. Dixon (the administrator), to render his final account of his administration of said estate; but as said plaintiff is informed, believes, and here charges, said citation could not, and no other can now, be served upon said

J. E. Dixon, by reason of the fact that he has departed from this·State," etc.

The citation as appears from the complaint and findings was never served. A citation must be served in the same manner as a·summons. (Code Civ.·Proc. § 1709.) A summons may be served on one who has departed from the State by publication. (Code Civ. Proc. §§ 412, 413.) The *personal* notice mentioned in section 1710 is personal notice as distinguished from notice which, in the first instance, and only, is required ·to be made by a publication.

It may be said that the only consequences of a failure of an administrator to account, when cited, are that he may be attached or removed from·office. But even if it should be conceded that this were so, we could not assume that the administrator would have failed to appear and render an account, had the citation been served. The present action cannot be maintained, because the power of the Probate Court to secure the appearance of the administrator at a settlement, which would have been conclusive of the rights of these defendants, has not been exhausted.

Judgment and order reversed, and cause remanded for further proceedings.

McKEE, J., and ROSS, J., concurred.