[No. 12205. Department One. — October 7, 1887.]

IN THE MATTER OF THE ESTATE OF MARY CUNNING-
HAM, DECEASED.

ESTATE OF DECEDENT — SALE OF REALTY — PUBLICATION OF NOTICE — ORDER
FOR. — Section 1537 of the Code of Civil Procedure, requiring a notice
of the sale of real estate of a decedent to be published for "three weeks
successively," simply indicates the time during which the sale must be
advertised, and not the manner of the publication. Under section 1705
of the code, the court may order the publication to be made for a less
number of times than each issue of the paper in which the notice is to
be published.

APPEAL from an order of the Superior Court of the
city and county of San. Francisco confirming a sale of
real estate of a deceased person.

The facts are stated in the opinion of the court.

*R. Percy Wright,* and *Wilson & Wilson, amici curiæ,* for
Appellant.

*Thomas F. Barry, Naphtaly, Freidenrich & Ackerman,*
and *M. I. Sullivan,* for Respondents.

TEMPLE, J.—This an appeal from an order confirming
a sale of real property, and the ground of the appeal is
that it appears from the return of sale that the notice of
sale was published in a daily newspaper once a week
for three successive weeks. Section 1547, Code of Civil
Procedure, directs that the notice shall be published in
a newspaper for three weeks successively. It is con-
tended that the notice must be published in each issue
of the paper, and that on those days on which it is not
so published, it is not published at all, and therefore in
such case it will not be published for or during three
weeks.

The phrase "three weeks successively" evidently
means the same thing as "three successive weeks." It

simply indicates the time during which the sale must be advertised, and not the manner of the publication, as that it shall be published *successively* during the period. The word " successively " refers to weeks, and not to the publications of the paper. It is, therefore, within the provisions of section 1705, Code of Civil Procedure, a case in which the judge or court may order a publication for a less number of times than each issue of the paper; that is, it is not otherwise expressly provided. In this instance such an order was made by the court.

It is claimed that section 1705 only applies to publications ordered by the court; but this is not the language of the code. " When any publication is ordered," may as well be held to include all notices ordered by the statute. Indeed, if it is not so read, it will be found to apply to very few publications required.

And no reason is apparent why the dispensing power should exist as to the publications directed by the court, and not to those ordered in probate proceedings by the statute. Beside, all the probate proceedings are under the direction of the probate judge. The word " ordered " in the section was probably intended to have the same meaning as the word " required." The order of sale having been made, the administrator was thereby required to make the publication. The question is not whether the court can direct in what paper it shall be advertised, but whether, under section 1705, the court can dispense with the publication in each issue of the paper. In this case, it is suggested that the appellant, as administrator, was contumacious, and refused to proceed with the sale which, at the instance of creditors, had been ordered. To force obedience, an order was made directing the administrator to act, and specifically directing how he should proceed. We think the record discloses no error.

As it appears very plainly that the order must be

affirmed on the merits, we have not thought it necessary to determine whether the proper record is before us.

Order affirmed.

McKINSTRY, J., and PATERSON, J., concurred.

Hearing in Bank denied.