[Civil No. 3560. Filed October 21, 1935.]

[50 Pac. (2d) 570.]

FIDELITY AND DEPOSIT COMPANY OF MARY-LAND, a Corporation, Appellant, v. JESS MELDRUM, as Administrator of the Estate of Emmett West, Deceased, Appellee.

Messrs. Silverthorne & Van Spanckeren, for Appellant.

Messrs. Dougherty & Dougherty and Mr. Roy L. Herndon, for Appellee.

LOCKWOOD, C. J.—This is a proceeding by Jess Meldrum, as administrator of the estate of Emmett West, deceased, against Fidelity and Deposit Company of Maryland, a corporation, hereinafter called defendant, to recover on the bond of Esther E. West, as administratrix of said estate. Judgment was rendered in favor of plaintiff for the sum of $1,500 and $32.25 costs, and from said judgment this appeal was taken. The facts of the case may be stated as follows:

Emmett West died on the 7th day of February, 1931, and on the 15th day of April, Esther E. West, his wife, was appointed administratrix of the estate and filed her bond with defendant as security thereon in the sum of $1,500, letters of administration being issued to her the next day. On the 5th of May she filed an inventory and appraisement which showed the following items: A claim for compensation from

the United States government appraised at $300, two horses appraised at $50, certain household furniture, farm implements and an automobile appraised at $175, and an equity in 20 acres of land appraised at $1,200. The horses and farm implements which the administratrix returned as belonging to the estate, aforesaid, had been sold by her a few days before her appointment for the sum of $150, and shortly after her appointment she received from the United States government the sum of $327 in payment of the claim for compensation. She had thus received from the appraised assets of the estate the sum of $477 in cash, and presumably still had in her possession the automobile and household furniture appraised at $125 and the equity in the land which had been appraised at $1,200. Shortly after her qualification, three claims against the estate were filed and were approved by her, these being: (a) Claim of the plaintiff for funeral expenses in the sum of $382.50; (b) claim of Dr. L. M. Tompkins for expenses of last illness $205.50; and (c) claim of Southside Community Hospital for expenses of last illness $10. None of these claims were paid. On September 19, 1932, plaintiff, being one of the creditors of the estate, filed a petition setting forth that his claim for funeral expenses had not been satisfied, although the administratrix had received sufficient money from the estate to pay it, and asked for an order requiring her and her bondsman to show cause why the claim should not be paid. Such an order was issued and served on the attorneys who had appeared for the administratrix, and upon defendant. The hearing on the petition was continued from time to time, and before it was heard Dr. Tompkins had also filed his petition for a similar order regarding his claim. A hearing was had on the petition of plaintiff, but no order was

made thereon by the court, and apparently the petition of Dr. Tompkins was dropped. Thereafter the three creditors filed a joint motion praying for an order requiring the administratrix and defendant to pay their claims. The matter was continued from time to time and several hearings had, and in May, 1933, the court made findings that the claims had not been paid; that the administratrix had received sufficient money to pay them, but had failed to do so; and that cause existed for her removal as an administratrix, but made no order based on such findings.

Plaintiff immediately filed a petition alleging that the administratrix had made no accounting since her appointment, and had absconded from the state, and prayed that she be removed, and that he be appointed as administrator in her place. Apparently this petition never came to a hearing, for a new petition to a similar effect was filed on the 21st of June, and an order for a citation to the administratrix was made the same day. The order directed that service be made by publication once a week for two weeks and personal service on the attorneys for the administratrix. Service was made in accordance with the order by publishing the citation for two weeks, and by serving it on the attorneys. No notice of this citation was ever given to defendant unless the publication and service on the attorneys be considered as such. The matter came on for hearing on the 8th day of July, and the court found that the administratrix had failed to account for any of the assets of the estate; that she had converted them to her own use and dissipated them so that they were entirely lost, and had absconded and removed from the state, and following such finding, revoked the letters of administration, and ordered as follows, ''That said Esther E. West be and she is hereby adjudged liable

to said estate in the sum of Seventeen Hundred Twenty-five and no/100 ($1725.00) Dollars, the appraised value of the assets of said estate, and that said Esther E. West be and she is hereby ordered to pay said sum to her successor in office," whereupon plaintiff was appointed as administrator of the estate of Emmett West, and immediately filed this action against the defendants, setting up the appointment of the administratrix, and filing of the bond, inventory and appraisement, and claims, the failure of the administratrix to pay the claims, the revocation of her letters, and the order of the court holding her indebted to the estate in the sum of $1,725, and that by reason of her failure to execute her duties, the estate had been damaged in the sum of $1,725 property loss through her neglect of duty, and praying judgment against the defendant for the full amount of the bond of $1,500.

Upon the trial plaintiff offered in evidence the entire record in the probate proceedings. This was strenuously objected to by defendant, but was finally admitted. Oral testimony was also introduced showing the sale of the team and farm implements for $150, and the receipt of the compensation claim. The owner of the realty, the equity in which had been inventoried as an asset of the estate, also testified. The substance of his testimony was that the land in question, 20 acres, had been sold to Emmett West, under a conditional contract of sale for the sum of $2,000, of which approximately $1,600 had been paid, and that by the terms of the contract a default in the remaining payments would authorize the owner to terminate the contract upon giving nine months' notice of his intention to the purchaser, during which nine months, of course, the latter might pay the remaining sum of between $400 and $500 and take title

to the land. The owner also testified that the administratrix at one time told him she would pay out the contract, but never did make any further payments, and had left the land in question, and that he had never given notice of forfeiture of the contract to anyone. This, in substance, is the record upon which the court rendered judgment against defendant for the full penalty of the bond and costs.

■ There are four assignments of error which we will discuss as seems best from the standpoint of the issues of law raised thereby. The first question is whether or not the order of the probate court fixing liability against the administratrix was valid so as to bind the defendant. It is the contention of the latter that the citation issued, upon which the order fixing the liability of the administratrix is necessarily based, was never legally served upon her or upon it, and for that reason the probate court was without jurisdiction to make its order fixing such liability. This contention is based upon the provisions of sections 4169 and 3762, Revised Code 1928, which read, so far as material, as follows:

"§ 4169. *Citations; contents; service.* . . . The citation must be served in the same manner as a summons in a civil action. When personal notice is required and no mode of giving it is prescribed it must be served as a summons in a civil action. When no other time is specially prescribed a citation must be served at least five days before the return day thereof."

"§ 3762. *Service by publication; affidavit of nonresidence.* When . . . the defendant is a non-resident of the state, or that he is absent from the state, . . . a summons shall be issued as in other cases, and service shall be made by publication thereof in some newspaper published in the county, . . . at least once in each week for four successive weeks, and the service shall be complete thirty days after the first publication."

Defendant urges that section 4169, *supra,* requires that the citation be served in the same manner as the summons in a civil action, and that since admittedly the administratrix had removed from the state, it was necessary that service be made under the provisions of section 3762, *supra,* by publication at least once a week for four successive weeks, the service not being complete until thirty days after the first publication. As upholding its theory, it cites the cases of *Ashurst* v. *Fountain,* 67 Cal. 18, 6 Pac. 849; *Spencer* v. *Houghton,* 2 Cal. Unrep. 464, 6 Pac. 853; *Estate of Cunningham,* 73 Cal. 558, 15 Pac. 136.

It is the position of the plaintiff, on the other hand, that in citing a party to appear before it the probate court is not bound by the provisions of section 3762, *supra,* in regard to the method and length of service by publication, but may provide for such length of publication as it may determine best under the circumstances, and in support thereof calls our attention to section 4166, Revised Code 1928, which reads as follows, "§ 4166. *Manner of publication.* When any publication is ordered, such publication must be made daily or otherwise, as often during the prescribed period as the paper is regularly issued, unless otherwise provided. The court may, however, order a less number of publications during the period prescribed," and the case of *San Francisco Protestant Orphan Asylum* v. *Superior Court,* 116 Cal. 443, 48 Pac. 379.

The provisions of our Code, above cited, were taken from the Code of California, and the decisions from that state are therefore very persuasive, if not binding, upon us. After a consideration of the various statutes of California and the decisions above cited, we are of the opinion that their true meaning is that the court may by its order provide that the

citation may be served a greater or less period than five days before the return day thereof, but that it has no authority to change the manner in which service is made. Counsel for plaintiff have evidently confused the time and manner of service with the time allowed for an answer or return to be made *after the service.*

We hold, therefore, that the time and manner of service of citations in cases like the present one must comply with the provisions of section 3762, *supra*, when the party to be served is absent from the state and his residence unknown. Service, therefore, of a citation under these circumstances is not complete until thirty days after the first publication of the notice, and the publication must be made at least once a week for four weeks. The record in this case shows that the first publication of the citation was on the 23d day of June, while the order holding the administratrix liable was on the 8th day of July, some fifteen days before the service upon her had been completed. The order of the probate court fixing her liability was therefore made without jurisdiction and is void, and the trial court erred in admitting said order in evidence in the present proceeding, or in basing any judgment thereon.

█ The complaint, however, does allege, independently of such order, that the administratrix had dissipated the assets of the estate. Of course, if this be true, she and her bondsman were liable therefor and it is admitted by defendant that such issue could be properly litigated in the present proceeding, but it insists that the evidence does not sustain a judgment against it for the full penalty of the bond. It does not dispute that it is liable for the value of the personal property which came into the hands of the administratrix after her appointment, and which has

disappeared. It objects, however, to the item of $150 received by her for the horses and farm implements on the ground that it was received before she became administratrix, and that its liability is only for property which she received after her appointment. Had she not returned this property in her inventory and appraisement, the position of defendant would be well taken, but under such circumstances we think it is liable therefor even though she had converted the inventoried property into cash before her appointment.

The second objection presents a question of more difficulty. The trial court charged her with the full appraised value of the equity in the real estate, apparently on the theory that she had in some way disposed of it. We think, however, this is incorrect. It appears from the testimony of the owner of the property that the estate is yet in a position, upon the payment of the amount still due under the contract, to secure title to the realty.

It is suggested by plaintiff that the administratrix has allowed a large amount of taxes and interest to accumulate as against the property, and, further, that she has abandoned it. So far as the taxes and interest are concerned, the record shows that she has never received enough funds from the estate to pay any taxes or interest after satisfying the claims of the preferred creditors, so that she cannot justly be held accountable for not making such payments. So far as the alleged abandonment is concerned, an administratrix has no power to dispose of property of this nature except under the circumstances set forth in section 4038, Revised Code 1928. Nor can she legally abandon it so as to bind the estate. So far as the record shows, the present administrator has full authority to protect the inter-

est of the estate in the equity in the real estate above referred to, if he has the desire and the funds to do so, by making the proper application to the court.

We think, therefore, that in this action the defendant is liable to the estate only for the value of the personal property for which the administratrix has failed to account, to wit, $150 for the horses and implements, $125 inventory value of the automobile and household furniture, and $327 for the amount received on the claim of compensation against the United States Government, or a total of $602.

The judgment of the superior court of Maricopa county is modified by reducing it from $1,500 to $602, and, as so modified, is affirmed. Defendant will recover its costs in this court.

McALISTER and ROSS, JJ., concur.