[S. F. No. 71.   In Bank.—July 11, 1895.]

PAOLA BACIGALUPO, EXECUTOR, ETC., PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PETITION TO REVOKE PROBATE OF WILL—CITATION—CONSTRUCTION OF CODE—JURISDICTION.—A citation to be issued under section 1328 of the Code of Civil Procedure is in the nature of a summons, and, construing section 1328 of the Code of Civil Procedure with section 1713 of the same code, the jurisdiction to issue a citation ceases in one year after the petition for revocation was filed.

ID.—QUASHING OF PREVIOUS CITATION—AMENDED OR ALIAS CITATION—WANT OF JURISDICTION—CERTIORARI.—Where a defective citation is quashed and dismissed by the court it serves no further useful purpose in the proceeding, and the case stands as though no citation had ever been issued; and the court cannot, after the expiration of one year from the dismissal of the defective citation, order an amended or alias citation to issue, and the order and citation issued thereon will be annulled upon certiorari for want of jurisdiction.

APPLICATION in the Supreme Court for a writ of review to annul an order of the Superior Court of the City and County of San Francisco. C. W. SLACK, Judge.

The facts are stated in the opinion of the court.

*Jos. F. Cavagnaro and Wm. J. McGee,* for Petitioner.

The order directing a citation to issue is not appealable, and certiorari is the proper remedy. (Code Civ. Proc., sec. 1068; *Moore* v. *Superior Court,* 86 Cal. 495.) The court had lost jurisdiction to issue a citation after the expiration of a year. (Code Civ. Proc., secs. 406, 581, subd. 7, 1328, 1333, 1713.)

*Dunne & McPike,* for Respondent.

The order was the subject of appeal. (Code Civ. Proc., sec. 956.) A writ of review will not issue in aid of a technical contention. (*Hagar* v. *Board of Supervisors,* 47 Cal. 222.) The amendment of the citation was allowable at any stage of the case, the cause of action not having been dismissed. (Code Civ. Proc., sec. 473; *Desmond* v. *Superior Court,* 59 Cal. 274; *Ketchum* v. *Superior Court,* 65 Cal. 494; *Dore* v. *Dougherty,* 72 Cal. 232; 1 Am. St. Rep. 48; *Keybers* v. *McComber,* 67 Cal. 398; *Polack* v. *Hunt,* 2 Cal. 195; *People* v. *Dodge,* 104 Cal. 487.)

GAROUTTE, J.—This is an original proceeding in the nature of an application for a writ of review. One Bacigalupo, the petitioner, was appointed executor of the estate of Bacigalupo, deceased. Some months thereafter certain of the heirs of the deceased filed a petition in the court where such estate was undergoing administration, praying for a revocation of the probate of the will of said deceased, and a citation was issued thereupon to all parties interested to show cause at a certain time why the prayer of the petition should not be granted. No appearance was ever made in answer to the citation, but, upon August 17, 1893, the court of its

own motion vacated, set aside, and discharged said citation. Thereafter, and more than one year subsequent to the filing of said petition, it was dismissed upon motion of this petitioner. Thereafter, upon affidavit showing cause, the court set aside the order dismissing the petition for revocation, and, after reciting wherein the original citation was defective, ordered an amended citation to issue to all parties interested, ordering them to appear and show cause why the revocation of the probate of said will should not be had; and such citation was thereafter issued as ordered by the court.

The citation involved in this proceeding was issued too late. The contest had lapsed, and the petition and citation based thereon should be dismissed. Section 1328 of the Code of Civil Procedure provides: "Upon filing the petition a citation must be issued to the executors of the will," etc. This section clearly contemplates that such citation should in no degree be used as an instrument for the purpose of delaying the administration of estates, but rather that it should issue forthwith upon the filing of the petition for revocation. Again, section 1713 of the said code provides: "Except as otherwise provided in this title, the provisions of part II of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." A citation in its general character is a summons, and, under this provision of the code, giving section 1328 the widest latitude of construction possible, the power to issue a citation would, beyond all question, cease one year after the petition for revocation was filed. Whether it would cease in less than a year we need not here decide. The fact that one citation was taken out within the year is immaterial, for that citation was quashed and set aside and discharged, and thereafter the case stood exactly as though no citation had ever been issued. After its dismissal it possessed no life. It was a quashed summons, and served no further useful purpose in the proceeding. The citation here under discussion was in no sense an amended citation, but rather a second or alias citation,

and it came too late. At that time the court had no power to make the order upon which it issued.

The order of the court for the issuance of citation, and the citation issued thereon, are annulled, vacated, and set aside

HARRISON, J., VAN FLEET, J., HENSHAW, J., and MC-FARLAND, J., concurred.