Defendant's counsel will prepare a decision and judgment, and notice same for settlement.

---

(15 Misc. Rep. 660.)

## In re LAYTIN'S ESTATE.

(Surrogate's Court, New York County. January, 1896.)

WILL—PROCEEDING TO REVOKE PROBATE—DISMISSAL.
　　A proceeding to revoke the probate of a will, where the petition for revocation is filed within the time limited by law, will not be dismissed because the petitioners have failed to bring all necessary parties before the court.

Application by the surviving executor of the estate of Abby E. Laytin, deceased, to dismiss a proceeding for the revocation of the probate of the will. Denied.

S. M. and D. E. Meeker, for executor.
Thos. W. Fitzgerald, for petitioners.

ARNOLD, J. This is an application on the part of the surviving executor of the will to dismiss a proceeding for revocation of the probate thereof. The petitioners in the latter proceeding filed

their petition on the last day allowed for that purpose by section 2648 of the Code, and certain persons and corporations were therein stated to be legatees named in the will, and a citation to such parties and to the surviving executor of the deceased, as required by section 2649 of the Code, was accordingly issued, and served upon several of them. Three of the persons so named in the citation had, however, died prior to the filing of the petition, and their personal representatives were not, as such, cited, as provided in the last-mentioned section. One other party named in the citation was not served with the same, she having removed from the state. On the return of the citation, a motion was made on the part of the executor of the will to dismiss the proceeding, upon the ground that the petition was filed too late; that the citation should have been served upon all parties required by law to be cited within 60 days after the petition was filed; and that this had not been done. This motion was denied, upon the authority of In re Gouraud, 95 N. Y. 256; but the petitioners were admonished to proceed diligently to bring in the omitted parties. No order was entered on this decision; but, four weeks after it was announced, the petitioners obtained an order for a supplemental citation directed to such persons, but no such citation was then or has since been taken out, and those parties have not been brought into this proceeding. The present motion to dismiss the proceeding was made after two months had elapsed from the time this supplemental citation was ordered, and upon the ground of laches on the part of the petitioners in not bringing in these additional parties. Supplemental citations are alleged by such petitioners to have been issued to two other persons not served with the original citation, or not named therein; but such citations have not been returned to this office, nor have any proofs of service of same been filed. The petitioners have failed to bring all necessary parties before the court, and, if that fact could afford sufficient ground for granting this application, I should be disposed to grant it; but the language of the court of appeals in Re Gouraud, supra, seems clearly to hold that, if the petition for revocation of probate is filed within the time limited by law, the contest is then instituted, and that citations may issue at any time, or from time to time thereafter, to the necessary parties; and it is the duty of the surrogate to issue the same (Code, § 2481, subd. 2), and, before proceeding upon the petition, to adjourn the hearing until all necessary parties are cited, notified, or appear. If the petitioner does not make the necessary application, the executor, if he desires the allegations of the petition to be disposed of, can have the proper citations issued. In effect, the mere failure of the petitioner to proceed further after filing the petition does not make the petition of no effect, or afford ground for its dismissal. I am therefore constrained to hold that I cannot dismiss the proceeding in its present stage.

Application denied.