[S. F. No. 565.   Department Two.—April 7, 1897.]

## SAN FRANCISCO PROTESTANT ORPHAN ASYLUM, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

Petition to Revoke Probate of Will—Defective Service of Citation —New Citation after Lapse of Year—Jurisdiction—Certiorari. Where a contest of the probate of a will is commenced within one year from the probate, by the filing of a valid petition for the revocation of the probate, and the issuance of a citation which is served upon all of the parties interested in the will as devisees or legatees, with the exception of an orphan asylum upon which a defective service was made, the defect in which was not called to the attention of the contestant until a motion was made by the orphan asylum, after the lapse of the year, to dismiss the proceeding, for want of service of the citation upon it, the court has jurisdiction over the proceeding, and may properly deny the motion to dismiss, and may order a new citation to issue to such orphan asylum, notwithstanding the lapse of the year, and the order for such citation cannot be annulled upon *certiorari.*

Certiorari to review an order of the Superior Court of Santa Clara County directing a citation to issue in a proceeding for the revocation of the probate of a will. John Reynolds and W. G. Lorigan, Judges.

The facts are stated in the opinion of the court.

*J. C. McKinstry*, for Petitioner.

The court had no power to direct the issuance of a new citation, and its order, therefore, was void and of no effect, as more than a year had elapsed from the filing of the petition to revoke the probate of the will (*Bacigalupo* v. *Superior Court*, 108 Cal. 92. See, also, *Pryer* v. *Clapp*, 1 Dem. 387; *Fountain* v. *Carter*, 2 Dem. 313; *Burnett's Will*, 9 N. Y. Supp. 460; 47 Hun, 639.) When a summons is returned it is *functus officio* as to any unserved defendants. (*Fanning* v. *Foley*, 99 Cal. 336.) An unserved citation or writ is dead in law after its return day, and it cannot thereafter be modified or amended. (*State* v. *Kennedy*, 18 N. J. L. 22; *Harrington* v. *Harrington* (Tex. 1891), 16 S. W. Rep. 531; *Raiford* v. *Weems*, 68 Miss. 138; 22 Am. & Eng. Ency. of Law,

113, 114.)    The provision requiring the citation to issue within one year is a statute of limitations, and must govern regardless of any apparent inconvenience or hardship.    (*Amy* v. *Watertown*, 130 U. S. 320).    The petitioner has an interest in the subject matter of the controversy, and is therefore a proper party.    (*Delavaga* v. *Williams*, 5 Saw. 574; *Brockman* v. *Creston City*, 79 Iowa, 587; *Coleman* v. *Railroad Co.*, 10 Beav. 1; *Maze* v. *Pittsburgh*, 137 Pa. St. 548.)

*H. V. Morehouse*, and *M. C. Hassett*, for Respondents.

The proceeding to set aside the probate of a will is a proceeding *in rem*.    (*State* v. *McGlynn*, 20 Cal. 270; 81 Am. Dec. 118; *In re Whetton*, 98 Cal. 203; *Estate of Doyle*, 73 Cal. 572; *Reese* v. *Nolan*, 99 Ala. 203.)    The filing of the petition gave the court jurisdiction of the *res*, and it had authority to issue a supplemental citation.    (*In re Gouraud*, 95 N. Y. 256; *In re Laytin's Estate*, 37 N. Y. Supp. 1125; 15 Misc. Rep. 660; *In re Phalen*, 51 Hun, 208; *In re Soule*, 46 Hun, 661.)    The petitioner has no interest in the controversy, and cannot ask that the action be dismissed, or complain that they are properly brought into court.    (*Munnikhuysen* v. *Magraw*, 58 Md. 557–63.)

McFarland, J.—*Certiorari* to review an order of the superior court directing a citation to issue to petitioner, the said San Francisco Protestant Orphan Asylum, in a pending proceeding for the revocation of the probate of a will.

The facts necessary to be stated are these: Edward Barron died on the twenty-fourth day of November, 1893, leaving an estate worth nearly two million dollars, and a will which was probated on January 5, 1894.    On the 9th of April, 1894, within a year after the probate of the will, George Barron, a son of the deceased, filed in said superior court a petition to revoke the probate of said will upon various grounds.    The next day a citation was issued to all the legatees and devisees

named in the will, requiring them to appear on the 14th of May, 1894, to show cause why the said probate should not be revoked. By said will about fifteen persons were named as devisees, several of whom, including the petitioner here, the said orphan asylum, were benevolent institutions. The citation was served within the year upon all of the parties named, except the said petitioner. There was an attempted service on the petitioner, but it was served on the matron of said petitioner, who, as it ultimately appeared, was not the proper person to be served. The said contestant, George Barron, supposed that petitioner had been properly served, and his attention was not called to the fact that the service was defective until more than a year after the probate of said will, to wit, in the year 1896. There was no intention on the part of said contestant not to serve properly the said petitioner herein. The petitioner did not appear in the case until April 23, 1896. In the meantime the other persons named in the citation appeared and filed their answers, and a trial of the contest was had, which resulted in a verdict of a jury that the testator was not of sound mind, and was unduly influenced by his wife. A motion for a new trial was made and granted, on account of supposed errors committed at the trial. Thereafter, on April 23, 1896, the petitioner herein appeared for the purpose only of making a motion to dismiss the will contest, so far as it concerned the petitioner, upon the ground that there had been no service of the citation upon petitioner within a year after the admission of the will to probate. This motion was by the court denied on the eighteenth day of said April, 1896; and thereafter, on the twenty-fifth day of the same month, the superior court ordered a citation to issue to the petitioner herein, requiring it to show cause on the 12th of June, 1896, why the probate of said will should not be revoked, and such citation was accordingly issued and served. This present proceeding was instituted here for the purpose of having said order last named set aside as beyond the juris-

diction of the court to make, because not made within one year after the said probate of said will.

There is some contention on the part of the respondents, founded upon certain affidavits, that this proceeding should be dismissed because the petitioner is not a party aggrieved, for the reason that it has made arrangements with both parties to the contest that it shall receive its legacy of five thousand dollars in any event; but we do not think it is necessary to examine into this contention.

The code provides that a contest of the probate of a will may be commenced by a petition in writing "at any time within one year after such probate." (Code Civ. Proc., sec. 1327.) The next section provides that a citation must be issued to certain named parties, but there is no time specifically mentioned within which such citation must be served. However, section 1703 provides that, "Except as otherwise provided in this title, the provisions in part II of this code are applicable to, and constitute, the rules of practice in the proceedings mentioned in this title"; and it is contended, upon principle and authority, that by analogy a citation must be issued and served within the time and in the manner prescribed for the issuance and service of the summons in an ordinary civil action, and that therefore a citation cannot be issued to any party after the expiration of a year. It is contended that this rule has been established by this court in the case of *Bacigalupo* v. *Superior Court*, 108 Cal. 92. But that decision is authority only in a case where after the expiration of a year from the time of the probate of the will there is neither a valid citation or petition in existence. In that case a citation had been issued, but it had been quashed, and the petition for the revocation had itself been dismissed, and it was held that the case stood as though no citation had ever been issued to anyone or served on anyone, and, indeed, as if no petition had ever been filed. The court say: " The fact that one citation was taken out within the year is immaterial,

for that citation was quashed and set aside and discharged, and thereafter the case stood *exactly as though no citation had ever been issued.*" The court further say: "Thereafter, and more than one year subsequent to the filing of said petition, it was dismissed upon motion of this petitioner"; and that "after its dismissal it possessed no life." It was held in that case that the court could not, after the expiration of a year, revive the petition and order another citation to issue " to all parties interested "; and the case goes upon the theory that when a year had elapsed without any service of a citation upon anyone, there could be no further proceeding in the matter.

But in the case at bar a valid petition was filed, and a citation issued within the year to all the necessary and proper parties interested, and within the year the said citation had been served upon all the parties except only the petitioner in this present case, and upon this petitioner there had been a defective service, and the defect had not been called to the attention of the contestant until it was brought to his attention by the motion of the petitioner herein to dismiss the proceeding. The court, therefore, had jurisdiction over the proceeding. Section 1329 provides as follows: "At the time appointed for showing cause, or at any time to which the hearing is postponed, personal service of the citations having been made upon *any of the persons named therein,* the court must proceed to try the issues of fact joined, in the same manner as in an original contest of a will."

But the petitioner herein, the said San Francisco Protestant Orphan Asylum, being a legatee named in the will, was a necessary party to a complete determination of the controversy; and, not being before the court on account of said defective service, the court had the power, not only under general equitable principles and practice, but under the provisions of the code, to order the said petitioner brought in as a party to that controversy. Section 389 of the code is made applicable

to the proceeding for the revocation of the probate of a will, and that section provides as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but, when a complete determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." It is contended that this section applies only to a person who was not named in the first instance as a party. Such a construction, however, is too narrow, and is incorrect. The "parties before it," within the meaning of that section, are evidently the parties actually before the court, who had been "brought in" either by actual service of process, or by a voluntary appearance. If the petitioner had not been named in the citation, there could have been no question as to the propriety of the action of the court below which is here attacked. But the mere naming of a person as a party in an action or proceeding, without any further attempt to bring him within "the presence" of the court, does not make him a party before it. This meaning of the phrase "brought in" was evidently attached to it by this court in *Fanning* v. *Foley*, 99 Cal. 336. In that case Gaven, who was the owner of the fee in the land involved, "was made a defendant, but was not served with summons"; and the court say: "The owner of the fee *had never been brought in by appearance or service.*"

The code never intended to provide, and does not provide, that where the petition has been filed within the year, and within that time a citation has been issued and duly served upon all of numerous necessary parties except one, the contest shall utterly lapse and the rights of all contestants be entirely obliterated, because, from mistake or inadvertence, there has been a failure to properly serve that one within the year. It seems to be admitted by counsel that a decree in favor of the contestant without the presence of petitioner would be fruitless as to all the devisees named in the

will. That being so, the petitioner, although interested in only a small fraction of the immense estate, could, if its position be tenable, defeat a legal inquiry into the proper disposition of nearly the entire estate; and the result would be the same whether petitioner is acting solely in its own interest, or, as contended by respondent, is allowing itself to be used in the interest of others. A court should not reach such an unjust conclusion unless driven to it by the imperative language of the law; and there is no such imperative language. We think that the court below, under the circumstances hereinbefore detailed, acquired jurisdiction of the proceeding, and that petitioner, being a necessary party to a complete determination of the controversy, and not being before the court, could be brought in by a citation or any appropriate method.

A few authorities are cited by counsel for both parties from New York; but we do not see that any of them are particularly applicable to this case. It is true that in the *Matter of Phalen*, 51 Hun, 208, cited by respondent, the court, dealing with a proceeding for the revocation of the probate of a will, say that the court " has power, where all persons who are necessary parties have not been cited *or notified*, to issue a supplemental citation for the purpose of bringing in such parties," and that something of the same kind appears in *Laytin's Estate*, 15 Misc. Rep. 660, 37 N. Y. Supp. 1125, and *Matter of Will of Gouraud*, 95 N. Y. 256; but it is difficult to discover to what extent the decisions in those cases rested on peculiar statutory provisions.

The order sought to be reversed is affirmed, and the writ of *certiorari* is dismissed.

TEMPLE, J., concurring.—I concur in the judgment. The code provides no limitation whatever in regard to the proceedings for the contest of a will after probate, except that the contest must be inaugurated within one year. Like all other proceedings in court, it is subject always to the power and the duty of the court to dis-

miss the contest if not prosecuted with due diligence. The contest here in question was commenced within the year and has been diligently prosecuted. A judgment was once entered which was vacated on motion for a new trial, and when the case was about to be called for retrial a motion to dismiss was made by the petitioner on the ground that the citation had not been served upon it. It turns out that the citation was served upon an employee of the petitioner who was apparently in charge of its asylum, but who, it is conceded, was not the person upon whom the citation should have been served.

The motion to dismiss was denied and a day was fixed for the hearing, which would give the contestant an opportunity to cite the petitioner, and a new citation was ordered.

It is contended that the order is void solely because the citation would be issued more than one year after the contest was commenced. It is claimed that it is jurisdictional, and that it makes no difference whether the matter has been prosecuted diligently or not. It is not contended that there is any such express limitation in the statute, but it is worked out upon the theory that section 1713 enacts: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." "This title" contains the entire procedure in probate matters; and part two the procedure in civil cases.

But what provision is there in part two in its nature applicable to this proceeding? Section 1327 provides that a contest shall be inaugurated by filing a petition. Section 1328, that upon the filing of the petition a citation must be issued requiring certain parties to appear upon a day named to show cause, etc. I find only two sections in part two in which any allusion is made to a right to issue a summons after the lapse of a year. Section 406 provides that the clerk must indorse on the complaint the date of its filing, " and at any time within

one year thereafter the plaintiff may have a summons issued." How could this be read into, or even stand with, section 1328, which, as was said in *Bacigalupo* v. *Superior Court*, 108 Cal. 92, requires the citation to issue forthwith upon filing the petition? The two provisions cannot exist together as applying to the same thing. It would be absurd to say that a person filing a petition for a contest may have a citation issued at any time within one year thereafter. The other section in which the time is mentioned is section 408, which provides that an alias summons shall not issue after the expiration of one year. This is equally inapplicable. There is no alias citation like an alias summons. The citation notifies the parties to appear at a time mentioned to show cause. If the court has the power to set the hearing, the citation may, of course, issue.

No one would contend that the provisions in regard to summons would apply generally to the various citations authorized in probate proceedings. It may be issued to require the performance of an act, and sometimes disobedience to it may be enforced by arrest and imprisonment (Code Civ. Proc., secs. 1398, 1402, 1403, 1459, 1461, 1623, 1625); and where personal notice is required, and no other method is provided, it must be by citation.

But I think the statute shows on its face that no provision in regard to summons applies to citations. Everything in regard to citations is provided for in title XI. Section 1707 states what it must contain; section 1708 provides for its issuance; section 1709, that it shall be served in the same manner as a summons. This would be unnecessary if the provisions as to the summons applied, and on that supposition no operation can be given this section. Unlike a summons, the length of the notice may be prescribed by the court. Otherwise it is five days. ' (Code Civ. Proc., sec. 1711.) As a rule, its functions are very unlike those of a summons. It is simply a notice, which may be molded to suit the occasion, and not a process which

a party may sue out or not, and which, having sued out, he can serve when he pleases, provided it be done within three years.

In the Bacigalupo case it is correctly said that the provision in regard to citation cannot be used for delay. Of course not, for it must be issued to notify the party interested of a day of hearing already appointed by the court. It was therefore unnecessary to say anything about the time within which it can be issued. A summons, however, need not be issued at all unless the plaintiff wishes it, and then at any time within the year, and can be served at any time within three years thereafter. These can hardly be said to be provisions to prevent delay, and, as applied to the probate court, would be ridiculous. A proceeding in that court is expected to move continuously and quickly to an end. If applicable to proceedings in the probate court, their effect would be to authorize delay, not to prevent it.

It is not expressly ruled in *Bacigalupo* v. *Superior Court, supra,* that the provisions above referred to in regard to the issuance of summons do apply to the proceeding for the contest of a will. It is said, "giving section 1328 the widest latitude of construction possible, the power to issue a citation would, beyond all question, cease one year after the petition for revocation was filed." This is apparently a construction of section 1328, and evidently refers to the previous remark that the statute requires citations to be immediately issued. That is, where a statute requires an act to be done at once, it surely must be done within the year. The party contesting cannot file his petition and then wait a year before asking for a hearing and ordering citation. This is a declaration of a rule of due diligence, not an assertion of a plain statutory limitation.

In this case no such state of things existed. A citation was issued at once, and the trial of the issues proceeded with due diligence. There has been no delay, and I am unable to discover by what means the court

has lost jurisdiction. It is a proceeding *in rem*, and not *inter partes*. The court already had jurisdiction of the *res*, and could have proceeded with the trial of the contest without further notice, had the statute so provided. The contest could have been treated as an incident in the administration which was already pending. The office of the citation, then, was not like that of a summons, to give the court jurisdiction. It was an extra protection provided by the statute, and if the court still had jurisdiction of the proceeding its power to issue the citation cannot be doubted. It is not doubted that the service of the citation upon some of the parties gave jurisdiction as to them. Had the defect been discovered on the return day, it will not be disputed that the court might have continued the hearing to another day, to allow the completion of service. If this course had been kept up for a year, and service was still found incomplete, although all possible diligence had been used, I can see no rational ground for a claim that the court had thereby lost jurisdiction. It would require an express limitation to work such a result. Of course, all presumptions are against a construction which could have that effect.

I concur in the judgment for these reasons, which I understand accord with those expressed by Mr. Justice McFarland. I have not been able to persuade myself that section 389 has any application to this case.

Henshaw, J., concurred.

Hearing in Bank denied.