[Sac. No. 331.　Department One.—October 30, 1897.]

In the Matter of the Estate of WILLIAM JOSEPH, Deceased.

ESTATE OF DECEASED PERSONS—PROCEEDING TO REVOKE PROBATE—NONRESI-
DENT CONTESTANT—SECURITY FOR COSTS.—A contest to revoke the probate
of a will is a special proceeding, and not an action within the mean-
ing of section 1036 of the Code of Civil Procedure, requiring nonresi-
dent plaintiffs to give security for costs. In such proceeding, a non-
resident contestant is not required to give such security.

APPEAL from a judgment of the Superior Court of Sacra-
mento County dismissing a petition for the revocation of the
probate of a will. Matt. F. Johnson, Judge.

The facts are stated in the opinion.

D. E. Alexander, and Isaac Joseph, for Appellant.

Hinkson & Elliott, and A. J. Bruner, for Respondent.

CHIPMAN, C.—Deceased died testate. A document purport-
ing to be his last will was admitted to probate February 17, 1888,
and the executors named therein were duly appointed. It does
not appear whether or not the estate has been distributed. On
December 13, 1894, appellant, one Wesley J. Lovett, filed his
petition to revoke the probate of said will and contesting the
same. Issues upon the merits were framed and were in condi-
tion to be tried, whereupon the executors, by their attorneys,
served notice upon appellant that they would move the dismis-
sal of appellant's said petition, on the ground that "due and legal
notice was served on said attorneys of said Lovett, on the fif-
teenth day of June, 1895, to file with the clerk of the above-
named court an undertaking, as is provided for in section 1036
of the Code of Civil Procedure; that more than thirty days have
elapsed since the service of said notice, and the said undertak-
ing has not been filed." At the hearing of the motion it was ad-
mitted by appellant that he had not filed the undertaking refer-
red to. It was also admitted that appellant is a citizen of the
state of Ohio. The court granted the motion, and entered an
order dismissing the petition of appellant and the contest. The
appeal is from this order, and comes up on bill of exceptions.

Appellant claims that section 1036 of the Code of Civil Procedure applies solely to actions and not to special proceedings; that a proceeding to revoke the probate of a will is a special proceeding, and is not an action within the meaning of this section of the code.

Appellant also claims that, if it should be held that sections 1036 and 1037 of the Code of Civil Procedure apply to proceedings to contest the probate or validity of a will, then those sections are in violation of article IV, section 2, and article XIV, section 1, of the constitution of the United States.

Respondents contend that proceedings to contest a will, both when first offered to probate or later after probate, are in their nature civil actions and possess all the elements of an action; that section 1312 of the Code of Civil Procedure declares that: "On the trial the contestant is the plaintiff and the petitioner is the defendant," which is mandatory because the proceeding is in the nature of a civil action; that section 1314 of the Code of Civil Procedure denominates the proceeding as a "case," and a "case" is a suit or action—a cause (citing Burrell's Law Dictionary, 253); and finally respondents claim that the whole question is disposed of by section 363 of the Code of Civil Procedure, which provides that "the word 'action,' as used in this title, is to be construed, whenever necessary so to do, as including a special proceeding of a civil nature."

Is a proceeding to contest the probate or validity of a will under section 1327 of the Code of Civil Procedure, an action within the meaning of section 1036 of the Code of Civil Procedure?

Under our code remedies are divided into two classes: "1. Actions; and 2. Special proceedings." (Code Civ. Proc., sec. 21.)

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., sec. 22.) "Every other remedy is a special proceeding." (Code Civ. Proc., sec. 23.) The respondents made their motion to dismiss the contest in this case, and the court gave the order by virtue of section 1036 of the Code of Civil Procedure, which reads: "When the plaintiff in an action resides out of the state, or is a foreign corporation, security for costs and charges, which may be awarded against plaintiff, may be required by the defendant." Section

1327 of the Code of Civil Procedure, under which the contest
was begun, provides: "When a will has been admitted to pro-
bate, any person interested may, at any time within one year
after such probate, contest the same or the validity of the will.
For that purpose he must file in the court in which the will was
proved a petition in writing, containing his allegations against
the validity of the will, or against the sufficiency of the proof,
and praying that the probate may be revoked."

We think without doubt a petition to probate a will is the be-
ginning of a special proceeding. The hearing and judgment
reached upon it in no sense constitute an action as defined by
section 22 of the Code of Civil Procedure, nor as referred to in
section 1036 of the Code of Civil Procedure, and, if not, it is
necessarily a special proceeding. (Code Civ. Proc., sec. 23.) We
cannot see how the filing of grounds of opposition to the probate
of the will, or, later, the filing of a petition to contest the pro-
bate, can change the nature of the proceeding. The order ad-
mitting the will to probate is not final so long as proceedings
may be taken to revoke the probate. In all subsequent stages
the contest is but a part of the proceeding to probate the will,
and is not a new and distinct proceeding. The subject matter
is the same, and the ultimate issue, to wit, whether the will in
question should stand as probated, is the same. It is not "an
ordinary proceeding in a court of justice by which one party
prosecutes another," etc., as defined in section 22 of the Code of
Civil Procedure. The fact that section 1312 says that "on the
trial the contestant is plaintiff and the petitioner is defendant"
does not tend to show that the nature of the proceeding is chang-
ed; it presupposes matter set up as grounds of contest as to which
the burden of proof is cast upon the contestant, but it does not
purport to be, nor is it, a new action or proceeding. It is en-
titled "In the Matter of the Estate of" the deceased; it receives
all its vitality from, and has its origin in, the original petition to
probate the will and the statutory provisions governing the
proceedings. Section 363, relied upon by respondents as con-
clusive, cannot receive the construction given it by them unless
it be changed so as to make the word "action" and the words
"special proceeding of a civil nature" interchangeable and syn-
onymous wherever used in the codes, and this would be incon-

sistent with our division of judicial remedies as shown in sections 21, 22, and 23 of the Code of Civil Procedure. We must not confound this division of remedies—"Actions" and "special proceedings"—with the definition given of "Action"—which are all either "Civil" or "Criminal," while "special proceedings" are not defined at all.

Nearly all, if not all, special proceedings are civil in their nature, but it was manifestly the intention of the code to keep clear and distinct the division of civil remedies into actions and special proceedings, and so we see later in its arrangement that part II, in which section 1036 occurs, is entitled and treats of "Civil Actions," while part III, in which the probate of wills is provided for, is entitled and treats "of special proceedings of a civil nature." If the provisions of these several titles are to be used interchangeably and made applicable to each other, where there is no express provision authorizing it, we would introduce confusion and often direct contradictions in the methods of practice pointed out in these two divisions of remedies.

It was held in an early case that "proceedings for the settlement of an estate and matters connected therewith are not civil actions within the meaning of the practice act, sections 18 to 21." (*Estate of Scott*, 15 Cal. 220.)

It has been several times held that proceedings to ascertain who are the heirs. at law of the deceased and to distribute the estate under section 1664 of the Code of Civil Procedure, "while partaking of the nature of a civil action, is not a civil action." (*Estate of Blythe*, 110 Cal. 226; *Estate of Burton*, 93 Cal. 459; *Smith v. Westerfield*, 88 Cal. 374.)

A careful comparison of section 1664 with the sections relating to contesting the probate of a will, and the reasons given for holding that a petition under section 1664 is a special proceeding, will, we think, make quite clear the reasons for holding as we do that the contest of a will is not an action as contemplated in section 1036, but is a special proceeding to which that section does not apply. This view of the question presented makes it unnecessary to notice the point raised, that section 1036 is unconstitutional.

The judgment and order dismissing appellant's petition should be reversed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order dismissing appellant's petition are reversed.

Garoutte, J., Harrison, J., McFarland, J.