## ESTATE OF JOHN PATRICK DALTON, DECEASED.

[No. 18,262; decided January 30, 1899.]

Revocation of Probate—Jurisdiction of Court.—The jurisdiction of a probate judge relating to the revocation of probate is wholly statutory, and in exercising it, he can in no way alter or disregard the provisions of the statute.

Revocation of Probate—Executor as a Party.—It seems the executor is not a necessary party to a proceeding for the revocation of the probate of a will, instituted after a final decree of distribution is made and he has been discharged.

Revocation of Probate—Nature of Proceeding—Citation.—A proceeding to revoke the probate of a will is a proceeding in rem and not inter partes; the court already has jurisdiction of the res, and the office of citation is not, like a summons, to give jurisdiction, but to give all parties an opportunity to appear and take sides.

Revocation of Probate—Nature of Proceeding—Discharge of Executor.—Under sections 1327 and 1328 of the Code of Civil Procedure, providing for the revocation, upon a citation to the executor and others, of the probate of a will within one year after probate, an application therefor may be made notwithstanding a final decree of distribution has been made and the executor discharged. The statute keeps alive ad interim the character of the executor for the purpose of hearing the application for revocation.

Revocation of Probate—"Proceeding" or "Action."—An application to revoke the probate of a will is a "proceeding" and not an "action."

Revocation of Probate—Subject Matter and Jurisdiction.—The subject matter in an application to revoke the probate of a will is the same as the subject matter of the proceeding to probate the will. The ultimate issue, to wit, whether the will should stand as probated, is the same.

Jos. M. Nougues, for petitioner and contestant.

Chas. E. Nougues, of counsel.

Sullivan & Sullivan, for respondent.

COFFEY, J. The question in the case at bar, pure and simple, is whether when a will has been admitted to probate any person interested may at any time within one year after such probate contest the same or the validity of the will.

The will of the decedent was admitted to probate, February 16, 1897; a decree of final distribution of the estate was made, entered and filed January 13, 1898; a decree of discharge of the executrix was made, entered and filed January 14, 1898. The petition of certain of the heirs at law of decedent for a revocation of the probate of the will was filed February 11, 1898; and a citation regularly issued and served.

A demurrer to said petition was filed by Kate Dalton, "Executrix of and sole legatee and devisee under the will of John Patrick Dalton, deceased," on various statutory grounds, but on the argument respondent chiefly relied upon the grounds:

1. That the court has no jurisdiction of the person of respondent; 2. That the court has no jurisdiction of the subject of the action; 3. That the court has no jurisdiction to entertain said petition.

### THEORIES OF DEMURRANT.

The theories on which counsel for respondent contend that the petition for the revocation of the probate of the will in this case could not be maintained are ingenious, and, at first blush, almost convincing, and may be stated as follows:

1. Because the widow, who was appointed executrix, has been discharged, and the estate has been distributed to the widow as sole legatee, and she could not be sued as executrix.

2. Because by the decree of final distribution the superior court has lost jurisdiction of the estate of Dalton, deceased, to entertain a contest of the will, filed within one year's time.

3. Because the decree of distribution is conclusive of the rights of property of the other heirs at law of Dalton, and as the decree had been made before the year had elapsed for the contest of the will, that deprived the contestants of the time and their statutory rights.

4. Because as the prayer of the petition prays for the relief of further administration and distribution of the property in a manner different from the decree as made, the petition is defective on jurisdictional grounds of contest.

To support the first ground of demurrer above stated, respondent contended that the estate having been finally ad-

ministered and a decree of discharge of the executrix made and entered, that no executrix existed, and as a citation in a case like that at bar is required by section 1328, Code of Civil Procedure, to be issued to (amongst others) "the executors of the will," that, therefore, this proceeding cannot be maintained.

## THE GOVERNING SECTIONS OF THE CODE.

Proceedings to revoke the probate of a will are governed by sections 1327-1332, Code of Civil Procedure.

Section 1327 provides in its first clause that: "When a will has been admitted to probate any person interested may, at any time within one year after such probate, contest the same or the validity of the will."

To maintain the contention of counsel for respondent, it is absolutely necessary, first of all, to interpolate in that clause after words, "such probate" the words (or their equivalent) "or prior to a decree of distribution, or of discharge of the executor." Such interpolations in a statute under section 1858, Code of Civil Procedure, are expressly forbidden to the judge.

In the Estate of McLaughlin, 1 Cof. Pro. Dec., new edition, page 257, this court has already held that: "The jurisdiction of the probate judge relating to the revocation of probate is wholly statutory. In exercising this power, he can in no way alter or disregard the provisions of the statute."

Sections 1327, 1328, Code of Civil Procedure, provide for the filing of the petition and the issuance of a citation.

And in San Francisco Protestant Orphan Asylum v. Superior Court, 116 Cal., at page 447, 48 Pac. 379, it is held that the filing of a petition and the issuing of a citation within the year gives the court jurisdiction over the proceeding: See, also, Estate of Cunningham, 54 Cal. 556, 557; Estate of Sbarboro, 63 Cal. 5, 8.

In considering the question here, we must always bear in mind the distinctions between the definitions of an executor and an administrator. For definitions, see Croswell's Executors and Administrators, pages 3-5; Wharton's Law

Dictionary, title "Executor"; Abb. Desc. Wills & Adm., secs. 101-104 et seq.

In the Estate of Chittenden, 1 Cof. Pro. Dec. 1, a statement is made of the

### DISTINCTIONS BETWEEN EXECUTORS AND ADMINISTRATORS.

The provisions of the code that a contest may be initiated in one year, and that a citation must be issued to the executor upon the filing of the petition, show the fallacy of the contention that a discharge of an executor so ends his functions of executor that for the purpose of the contest he no longer exists as executor.

If that were so, then all the provisions of the statutes in relation to the revocation of the probate of a will could be set aside and nullified by the action of an executor.

In an estate of the value of $10,000 or under, the administration can be fully had, and the estate closed in less than six months, and in an estate of over $10,000 in value, it can be fully administered and distributed in less than one year.

Hence, it would be absolutely necessary for the purpose of sustaining the contention of counsel for respondent to interpolate certain words in section 1327, Code of Civil Procedure.

The case of Willis v. Farley, 24 Cal. 491, although that was the case of an administrator, at first reading would appear to be an authority sustaining the position of respondent; but an examination of that case will show that the question as to whether an administrator even after final settlement and discharge in the probate court becomes functus officio was not necessary to be decided.

An examination of this case discloses that while the judgment arrived at was undeniably correct, yet the reasoning leading to the result was imperfect. It turned upon the foreclosure of a mortgage given by an intestate to secure a debt, which on his death was, according to the finding of the court, properly allowed as a claim, but not paid by the administrator. The widow and heirs of the intestate were parties defendant in the suit for the foreclosure, and defended, among other things, on the ground that, after final settlement of the estate in the probate court, the plaintiff had

brought an action in the district court to foreclose the mort-gage, against the administrators, in which there was judgment.

It is very obvious that the judgment in the former case constituted no bar to that under consideration, for it was not between the same parties. But if, under our statute, the administrator of a deceased mortgagor was a necessary party defendant (after final settlement of his estate in the probate court), then the court could not have rendered the judgment it did, in favor of the plaintiff and against the widow and heirs, who were the only parties defendant; and, if he was not, then his status was perfectly indifferent.

Thus it appears that whether an administrator, after final settlement and discharge in the probate court, became functus officio was not necessary to be decided.

Mr. Justice Currey, who wrote the opinion in that case, quotes as authority for his decision on this proposition the case of Taylor v. Savage, Exr., 1 How. 282, 11 L. ed. 132, which case, however, decides only that an administrator who has been by the probate court removed for cause can no longer represent the estate.

### THE EFFECT OF THE DISCHARGE OF EXECUTRIX.

In the case at bar, the discharge of Mrs. Dalton as executrix does not purport to, nor does it, in terms, revoke her letters testamentary.

By an examination of the decree of discharge, it will be observed that the executrix is simply discharged from all liability to be hereafter incurred. And that is in effect the only thing that is accomplished by a simple decree of discharge. The discharge refers only to acts theretofore done.

As an illustration: Suppose an executor or administrator files an account accompanied with a petition for a distribution showing that he has on hand as a balance of the estate the sum of $10,000 in money; that this money is distributed by a decree of the court; that vouchers for the payment thereof are filed and thereon the executor or administrator discharged: Can it be contended that subsequently, if it is ascertained that in truth and in fact he had $20,000

in hand, that the probate court could not cite him to appear and answer in his capacity as administrator or executor?

Query: In an application for the revocation of probate of will is it necessary to serve the citation on the executrix at all?

In re Whetton, 98 Cal. 204, 32 Pac. 970, the supreme court says that: "When a will is attacked after probate, section 1327, Code of Civil Procedure, makes the executor a necessary party to the proceeding, etc." Was not the word "necessary" inadvertently used, and should not the word used have been the word "proper," for the reason that section 1329, Code of Civil Procedure, provides that: "Personal service of a citation having been made upon any persons named therein, the court must proceed to try the issues of fact joined, etc."?

And in San Francisco Protestant Orphan Asylum v. Superior Court, 116 Cal., at page 447, 48 Pac. 379, the court italicizes a portion of section 1329, Code of Civil Procedure: "Any of the persons named therein."

Further: An executor is not a necessary party to a proceeding like that at bar, for the reason that if the probate of a will should be revoked, he most certainly has no interest, and should the probate be maintained (after distribution and discharge), he has no interest, because he has administered fully the assets of the estate and received or waived his commissions.

Counsel for demurrant contend that all the sections of the code governing the matter, contemplate that a revocation proceeding where resorted to shall be resorted to prior to final distribution and pending the administration of the estate, but in the Estate of Joseph, 118 Cal., at page 662, 50 Pac. 768, the supreme court says: "The order admitting the will to probate is not final so long as proceedings may be taken to revoke the probate. In all subsequent stages the contest is but a part of the proceeding to probate the will, and is not a new and distinct proceeding. The subject matter is the same, and the ultimate issue, to wit, whether the will in question should stand as probated is the same."

In Tapley v. McPike, Admr., 50 Mo. 589, it is held that an order admitting a will to probate does not become absolute as to those who have a right to contest the will till after the lapse of time in which they have a right under the statute to contest it.

The original decree of the court as regards the probate of a will is not of a final or indefeasible kind. Indeed, it is little more than a prima facie declaration, an interim order, so to speak, to enable an executor to act, unless his title shall be disputed and disproved.

### THE NATURE OF THE PROCEEDING

To revoke the probate of a will is stated in San Francisco Protestant Orphan Asylum v. Superior Court, 116 Cal., at page 453, 48 Pac. 379, to be: "A proceeding in rem and not inter partes. The court already had jurisdiction of the res, and could have proceeded with the trial of the contest without further notice had the statute so provided. The contest could have been treated as an incident in the administration which was already pending. The office of the citation then was not like that of a summons to give jurisdiction. It was an extra protection provided by the statute."

### NATURE OF CONTEST OF WILL.

That is to say, the contest of a will is a proceeding to determine the character of the instrument itself. For that reason it is held in Estate of Doyle, 73 Cal. 572, 15 Pac. 125, that a default could not be entered against the party failing to appear who had not been served with citation. And this matter seems to have been decided in other contests where the question has arisen; for instance, in Reese v. Nolan, 99 Ala. 203, 13 South. 677; Lyons v. Hammer, 84 Ala. 197, 5 Am. St. Rep. 363; 4 South. 26; and it has been held in Blakely v. Blakely, 33 Ala. 611, Leslie v. Sims, 39 Ala. 161, and Clemens v. Patterson, 38 Ala. 721, that the object of a citation is to afford the parties interested in the will an opportunity of choosing which side of the contest they will take, and they are not considered parties to the

suit unless they come forward and by some affirmative act engage in the litigation.

### EVIDENT PURPOSE OF CONTEST SECTIONS IN CODE.

The evident purpose of sections 1328, 1329, Code of Civil Procedure, is to give all parties an opportunity to appear and take sides in a cause, but the cause in itself not being an action inter partes, but an action, or, rather, proceeding in rem, therefore, it is not necessary that all the parties should be before the court, for if the will be valid and proper parties are before the court to litigate and present the issues, and have the same legally tried, the interests of all parties are preserved by the sustaining of the will, and if, on the other hand, the instrument is invalid, then they have no interest in the property purporting to be granted, devised or bequeathed by the will, for the question is simply the validity or invalidity of the will.

### WHAT GIVES JURISDICTION.

In the following cases it is held that the filing of the petition for revocation of probate gives the court jurisdiction: In re Gouraud, 95 N. Y. 256; In re Laytin's Estate, 15 Misc. Rep. 660, 37 N. Y. Supp. 1125; In re Phalen, 51 Hun, 208, 4 N. Y. Supp. 408; In re Soule, 46 Hun, 661.

In the Estate of Crozier, 65 Cal. 332, 4 Pac. 109, the superior court had revoked the probate of the will and the supreme court says: "Here the revocation of probate and the surcease of appellant's functions as executor became complete eo instante the order of revocation was entered: Code Civ. Proc., sec. 1331."

The executor appealed from the order of revocation, and a special administrator having been appointed, the executor applied for a writ of review to review and annul the order so appointing a special administrator.

### DOCTRINE DECLARED BY SUPREME COURT.

The supreme court says at page 333: "It is insisted by petitioner that his appeal stays all further proceedings in the court below, based upon or having relation to the order of

revocation: Code Civ. Proc., sec. 946. The contention in its logical results is that the will still remains a probated will of decedent, and the petitioner still the acting executor, with power to collect assets, pay debts, and do all other acts and things which an executor may do.''

And the court, after commenting on this proposition, say at page 334: ''The code provides for an appeal from the order of revocation, and therefore the statute keeps alive, ad interim, appellant's character as executor for the purposes of the appeal.''

### APPLICATION OF THE DOCTRINE.

Applying that doctrine to the case at bar, it logically follows that the code provides for the application for the revocation of the probate of a will at any time within one year after probate, and the issues of a citation (amongst others) to the executor; and therefore the statute keeps alive ad interim the character of the executor for the purposes of the hearing of the application for revocation, notwithstanding he may have been discharged and even in terms (as was not done in the case at bar) his letters testamentary revoked by the order of discharge.

### JURISDICTION OF SUBJECT MATTER.

As to the ground of demurrer that the court has no jurisdiction of the ''subject'' or subject matter of the action: This is a ''proceeding'' and not an ''action'': See Estate of Joseph, 118 Cal. 662, 50 Pac. 768.

The subject matter in an application to revoke the probate of a will is the same as the subject matter of the proceeding to probate the will, as said in the Estate of Joseph, 118 Cal., at page 662, 50 Pac. 768: ''The ultimate issue, to wit, whether the will in question should stand as probated, is the same.''

### THE SUBJECT MATTER OF THIS PROCEEDING

Is the right of the petitioners to have a judicial declaration (should the evidence warrant it) that the will in question never existed, and there can be no doubt of the jurisdiction,

or, in other words, of this court's right to hear and determine that matter.

As to the contention of demurrant that petitioners ask for a further administration of the Estate of Dalton, should the application for revocation be granted and as, according to their contention, the assets and property of the estate having been distributed, there is no estate left to administer upon, and therefore no further administration can be had, that is answered by the suggestion that if the petitioners have invoked relief to which they are entitled, and also some to which they are not entitled, the fact that they have asked too much, is no reason why they should not get that to which they are entitled.

As to the contention of demurrant that in case of the revocation of the probate of this will a different disposition of the estate of Dalton could not be secured from that made by the decree of distribution, see Samson v. Samson, 64 Cal. 327, 30 Pac. 979; Thompson v. Samson, 64 Cal. 330, 30 Pac. 980.

In deciding the matter before the court under the statute governing the proceedings for the revocation of the probate of the will as it is written, the court must ascertain whether petitioners are "persons interested in the estate," of the deceased Dalton; whether "within one year after probate" of his will that they "have filed in the court in which the will was proved a petition in writing containing his '(their)' allegations against the validity of the will or against the sufficiency of the proofs and petitioning that the probate may be revoked"; whether upon filing of the petition the citation required by section 1328, Code of Civil Procedure, was issued, and whether that citation has been served as required by section 1329, Code of Civil Procedure, upon "any of the persons" named in the citation. The record before the court showing that all these questions must be answered in the affirmative, it follows that the demurrer must be overruled, and it is so ordered, with leave to respondent to answer within ten days.