[Civ. No. 13610. First Dist., Div. One. Jan. 14, 1948.]

NELTY LEFRANC HORNEY, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

David M. Burnett and John M. Burnett for Petitioner.

Burchard H. Styles, Elson L. Jones and R. G. Lean for Respondents.

PETERS, P. J.—Petitioner, Nelty Lefranc Horney, seeks by this proceeding in prohibition to restrain the Superior Court of Santa Clara County from further proceeding in a will contest in the estate of Marie Lefranc now pending in that court. It is the theory of petitioner that the trial court is without jurisdiction to proceed in that contest, except to

dismiss, for the reason that no service of the citation noticing the contest after probate was made upon her within a period of three years from the filing of the contest. It is her contention that section 581a of the Code of Civil Procedure is applicable to such a proceeding and that under that section it was mandatory upon the trial court to dismiss the contest at least as to her upon her motion made after the three-year period had elapsed. The following timetable gives the pertinent dates:

*April 22, 1942*—the will of Marie Lefranc was admitted to probate. Two executors were appointed, and, pursuant to the terms of a trust set up in the will, the Wells Fargo Bank was appointed trustee of that trust. Adele Masson was named in the will as the life beneficiary of the trust, and petitioner was to receive the corpus upon the death of Adele Masson if petitioner survived Adele and if Adele died childless. Adele is over 50 years of age and unmarried. Adele and petitioner are the next of kin of the deceased, both being nieces. The will named several individuals as the recipients of specific legacies.

*October 20, 1942*—Adele Masson, within the time permitted by law, filed a contest after probate alleging that Marie Lefranc lacked testamentary capacity. The clerk of the court on the day the contest was filed issued a citation directed to the executors, trustee and beneficiaries under the will, including petitioner.

*November 5, 1942*—on this date, after the citation had been served on the trustee, executors and one of the legatees, but not on petitioner, the executors and trustee filed their answer in the will contest.

*January 6, 1944*—petitioner filed a petition for partial distribution in the estate of Marie Lefranc. This petition alleged that Adele Masson had filed a contest of the will of Marie Lefranc; that petitioner was one of the two heirs of law of the deceased; that if the will contest was successful, she, the petitioner, would be entitled to one-half the residue of the estate as one of the two heirs at law; that if the will contest was not successful petitioner would then be entitled to the entire residue pursuant to the provision of the will of Marie Lefranc disinheriting any unsuccessful contestant. The petition prayed for partial distribution of half of the assets of the estate to petitioner.

*October 20, 1945*—three years from the date of the issuance

of the citation expired. Petitioner alleges that the citation was not served on her within three years of its issuance, nor has it ever been returned to the court.

*January 14, 1946*—petition for partial distribution denied.

*February 7, 1946*—petitioner filed a notice of intention to move for a new trial in the partial distribution proceedings.

*March 28, 1946*—petitioner, through her attorneys, stipulated in writing with the attorneys for Adele Masson, the contestant in the will contest, and with the attorneys for the executors of the will, that the motion for a new trial should not be submitted until 30 days after the termination of the will contest.

*June 10, 1947*—petitioner appeared specially and upon notice moved for a dismissal of the contest on the ground that the citation was not served within the period prescribed by law. The motion was resisted and taken under submission.

*June 20, 1947*—while the motion to dismiss was under submission the contestant, Adele Masson, served on petitioner a notice of motion that on June 27th she, the contestant, would move the court for an order directing the service of the original citation upon petitioner, or for an order directing the issuance of an alias or supplementary citation on petitioner and another legatee, on the ground that they were proper parties for a complete determination of the controversy. Petitioner thereupon moved to quash the service of this motion upon her upon the ground that the trial court lacked jurisdiction.

*June 27, 1947*—hearing of motions continued to July 7, 1947.

*July 7, 1947*—motions heard and taken under submission.

*August 11, 1947*—the trial court quashed contestant's motion for an order directing the service of the citation on additional parties, but made an order directing the service upon petitioner, and another legatee, of the citation. The citation was thereupon served upon petitioner.

*September 8, 1947*—the trial court denied petitioner's motion of June 10, 1947, to dismiss the will contest. Petitioner thereupon noticed a motion for September 19, 1947, and served contestant, the trustee and executors, for an order quashing the order of August 11, 1947, directing service of the citation upon petitioner.

*September 19, 1947*—motion of petitioner denied, and petitioner given five days to appear and plead in the will contest.

*September 22, 1947*—this petition for a writ of prohibition filed in this court. On the same day this court issued its alternative writ.

There can be no doubt that, if petitioner is entitled to a dismissal, prohibition is the proper remedy to secure such relief. (*Cook* v. *Justice's Court,* 16 Cal.App.2d 745 [61 P.2d 357.] ; *Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118] ; see cases. collected 9 Cal.Jur. § 23, p. 533.)

The basic question presented is whether section 581a of the Code of Civil Procedure is applicable to a will contest. That section requires the dismissal of any action "unless summons shall have issued within one year" and "unless the summons shall be served and return thereon made within three years after the commencement of said action." The problem arises because this section appears in part II of the Code of . Civil Procedure, and section 1233 of the Probate Code provides that, as to matters of procedure: "Except as otherwise provided by this code . . . the provisions of part II of the Code of Civil Procedure are applicable to and constitute the rules of practice in the proceedings mentioned in this code." It is the theory of the petitioner that this section makes section 581a of the Code of Civil Procedure applicable to will contests, and that, under that section, since the citation was not served upon her within the three-year period, the proceeding must be dismissed.

It will be noted that section 581a of the Code of Civil Procedure refers to the issuance, service and return of a "summons." There is no such thing as a "summons" in a will contest. Section 380 of the Probate Code provides that any ·interested person, with certain exceptions not here involved, may contest the probate of a will any time within six months of its admission to probate. Section 381 of the Probate Code provides that upon filing the petition to contest a "citation must be issued" directed to the executor of the will and to all devisees and legatees mentioned in the will, and to all known heirs, directing them to plead to the contest within 30 days of service of the "citation." Section 382 of the same code provides that the "citation" shall be served and "proceedings had thereunder as in the case of a contest before probate." Section 370 of that code, referring to contests before probate, requires that the service of the "citation . . . shall be made personally or by publication in the manner provided by law for the service of summons in civil actions."

Thus it is quite apparent that, unless a "citation" can be held to be a "summons" within the meaning of section 581a of the Code of Civil Procedure, section 1233 of the Probate Code does not make section 581a of the Code of Civil Procedure applicable to such contests.

The general provisions of section 1233 of the Probate Code making part II of the Code of Civil Procedure applicable to will contests as to matters of procedure "except as otherwise provided in this code," and its forerunner, old section 1713 of the Code of Civil Procedure, also so providing, have led to some confusion. It is by no means clear just what sections and provisions of the Code of Civil Procedure are thus made applicable to will contests. Several general observations, however, can be made. ■ Wherever the provisions of the Code of Civil Procedure refer to "actions," "proceedings," "judgments" or "decrees," and there is no provision in the Probate Code on the subject, the courts have generally held that the provisions of the Code of Civil Procedure in part II of that code, are applicable to will contests. ■ Thus it has been consistently held that section 581 of the Code of Civil Procedure, referring to when "an action" may be dismissed, is applicable to will contests. (*Voyce* v. *Superior Court*, 20 Cal. 2d 479 [127 P.2d 536] ; *Estate of Cook*, 205 Cal. 581 [271 P. 1083] ; *Estate of Knauft*, 59 Cal.App. 536 [211 P. 29] ; *Estate of Gurnsey*, 61 Cal.App. 178 [214 P. 487] ; *Estate of Matthiessen*, 10 Cal.App.2d 323 [52 P.2d 248] ; *Estate of Somers*, 82 Cal.App.2d 757 [187 P.2d 433] ; see, also, *O'Day* v. *Superior Court*, 18 Cal.2d 540 [116 P.2d 621].) It has also been held that section 583 of the Code of Civil Procedure providing for dismissal of "any action" for want of prosecution within a specified time is applicable to a contest after probate. (*Estate of Morrison*, 125 Cal.App. 504 [14 P.2d 102].) In *Estate of Baker*, 170 Cal. 578 [150 P. 989], section 385 of the Code of Civil Procedure referring to the abatement of an "action or proceeding" was held applicable to will contests. In *San Francisco Prot. O. A.* v. *Superior Court*, 116 Cal. 443 [48 P. 379], at least the judge writing the main opinion held that section 389 of the Code of Civil Procedure providing for the bringing in of new parties where necessary to the decision of the "controversy" pending before the court was applicable to will contests, although this was "doubted" by the two judges signing the concurring opinion. In the Voyce case, *supra,* the holding of the judge writing the main

opinion in the Orphan Asylum case was referred to with approval. There are undoubtedly other cases holding that section 1233 of the Probate Code (or its predecessor Code Civ. Proc., § 1713) makes various procedural sections found in part II of the Code of Civil Procedure applicable to will contests. But in none of the cases that we have found or to which we have been referred has it been held that the various sections in part II of the Code of Civil Procedure regulating the issuance, service and return of a summons are applicable to will contests except where specifically made applicable by some provision of the Probate Code. In fact, in every case that we have found on this subject, where the point was directly presented, it has been held that the provisions of section 581a of the Code of Civil Procedure relating to the legal effect of failing to secure the issuance of or to serve a summons are not applicable to will contests. One of the leading cases on this subject is *San Francisco Prot. O. A.* v. *Superior Court*, 116 Cal. 443 [48 P. 379]. Here a contest was filed within the time then permitted by law, and a citation issued. The citation was served on all parties except the petitioner, a legatee. More than one year after the will was admitted to probate (one year being the time in which contests after probate could then be instituted and the time within which a summons in a civil action must issue) the petitioner moved to dismiss. The trial court denied the motion and ordered a new citation served on petitioner. This order petitioner sought to have annulled on certiorari, on the ground that the court was without jurisdiction to issue a citation after one year, as it is without jurisdiction in the case of a summons. It was contended that old section 1713 of the Code of Civil Procedure, now section 1233 of the Probate Code, made this result inevitable. All the judges agreed that a dismissal was not called for, and the majority opinion expressly held that the sections applicable to summons were not applicable to a citation. At page 451 the majority of the court stated:

"But I think the statute shows on its face that no provision in regard to summons applies to citations. Everything in regard to citations is provided for in title XI [of the Code of Civil Procedure—now the Probate Code]. Section 1707 states what it must contain; section 1708 provides for its issuance; section 1709, that it shall be served in the same manner as a summons. This would be unnecessary if the provisions as to the summons applied, and on that supposition

no operation can be given this section. Unlike a summons, the length of the notice may be prescribed by the court. Otherwise it is five days. (Code Civ. Proc., sec. 1711.) As a rule, its functions are very unlike those of a summons. It is simply a notice, which may be molded to suit the occasion, and not a process which a party may sue out or not, and which, having sued out, he can serve when he pleases, provided it be done within three years.

"In the Bacigalupo case [108 Cal. 92 (40 P. 1055)] it is correctly said that the provision in regard to citation cannot be used for delay. Of course not, for it must be issued to notify the party interested of a day of hearing already appointed by the court. It was therefore unnecessary to say anything about the time within which it can be issued. A summons, however, need not be issued at all unless the plaintiff wishes it, and then at any time within the year, and can be served at any time within three years thereafter. These can hardly be said to be provisions to prevent delay, and, as applied to the probate court, would be ridiculous. A proceeding in that court is expected to move continuously and quickly to an end. If applicable to proceedings in the probate court, their effect would be to authorize delay, not to prevent it.

". . . The office of the citation, then, was not like that of a summons, to give the court jurisdiction. It was an extra protection provided by the statute, and if the court still had jurisdiction of the proceeding its power to issue the citation cannot be doubted."

A case even more directly in point is *Estate of Simmons,* 168 Cal. 390 [143 P. 697], where it was directly held that section 581a of the Code of Civil Procedure was not applicable to will contests. In that case a contest was seasonably instituted, but no citation issued. More than one year later a legatee moved to dismiss, and the contestant moved for relief from default under section 473 of the Code of Civil Procedure. If section 581a was applicable the court had no power to relieve from default. The trial court held that, although there was excusable neglect on the part of contestant, the failure to have the citation issued within a year under section 581a was jurisdictional, and dismissed the contest. This was reversed. It was pointed out that under old section 1328 of the Code of Civil Procedure a citation had to issue within a year of the filing of the petition. Under present

law—sections 370 and 381 of the Probate Code—it issues upon the filing of the petition. But even under old section 1328 the court held (p. 395) : ''While section 1328 requires that the citation shall be issued within the year, there is no provision as there now is in the case of a summons (Code Civ. Proc., sec. 581a), prohibiting further prosecution of the proceeding, and requiring a dismissal, for failure to comply with the requirement.''

This very quotation was quoted with approval in *Los Angeles First Nat. etc. Bk.* v. *Superior Court,* 94 Cal.App. 79, 84 [270 P. 710]. In *Stiebel* v. *Roberts,* 42 Cal.App.2d 434 [109 P.2d 22], it was held that a citation differs fundamentally from a summons, while in *Estate of Palm,* 68 Cal.App.2d 204, 214 [156 P.2d 62], it was held ''that the application of the statutes with relation to summons does not govern the issuance of citations,'' and that the purposes and functions of the two are quite dissimilar.

There are rather important reasons why the Legislature has seen fit not to make applicable to will contests section 581a of the Code of Civil Procedure, and the related sections dealing with the issuance of a summons. ▮ A summons in a civil action issues at the whim or caprice of the plaintiff at any time within one year of the filing of the complaint, and need not be served, if issued, for three years from that date. ▮ The citation in a will contest issues forthwith upon the filing of the contest. If issued but not served, or, if served, the probate court possesses inherent power to dismiss for failure to prosecute, and this might be done in less than the three-year period prescribed by section 581a. The Legislature has unmistakenly indicated its desire that probate matters be heard and determined expeditiously. To hold that section 581a is applicable to such proceedings would be to foster and permit delay rather than to prevent it.

▮ That the Legislature never intended that section 1233 of the Probate Code should make section 581a of the Code of Civil Procedure applicable to will contests is clearly indicated by section 370 of the Probate Code. That section provides that the citation in a contest before or after probate shall be served ''in the manner provided by law for the service of summons in civil actions.'' If section 1233 of the Probate Code made all sections of part II of the Code of Civil Procedure relating to summons applicable to citations, this quoted provision of section 370 of the Probate Code would

have been entirely unnecessary. By so providing the Legislature clearly indicated that it did not intend the other provisions of part II of the Code of Civil Procedure relating to summons to be applicable to citations.

█ Based upon the above authorities and for the above-stated reasons it must be held that section 581a of the Code of Civil Procedure is not applicable to a will contest. █ It follows that the court was not required to dismiss (although it could have done so) for failure to serve the citation within three years. The trial court had power to relieve the contestant from default and to order that a new citation issue and be served on petitioner.

There is an additional reason why, in this case, the trial court acted well within its powers in refusing to dismiss. As will be seen by the table of dates, *supra,* the contest here involved was seasonably filed. A citation issued and was served on the executors, trustee and one of the legatees, and they duly answered. A little less than a year and three months after the contest was filed petitioner, who had not been served with the citation, filed a petition for partial distribution in the estate. This petition alleged the existence of the will contest and prayed for relief that could be granted only if the will contest were on file. In other words, this petition not only disclosed knowledge on the part of petitioner that the will contest had been filed, but asked for relief that could only be granted if this particular will contest was pending. Even if section 581a were applicable to this proceeding (which we have held it was not) this might well be held to be such an appearance so as to make inapplicable the three-year provision of that section. █ It is, of course, the law that even where section 581a is applicable a voluntary appearance for any purpose other than to question the jurisdiction of the court is general, and that a general appearance within the three years renders the section inapplicable. Merely applying for a continuance has been held to be a general appearance for this purpose. (*Zobel* v. *Zobel,* 151 Cal. 98 [90 P. 191].) The administration of an estate is an integrated proceeding. As was said in *Estate of, Dobbins,* 36 Cal.App.2d 536, 539 [97 P.2d 1051]: "The administration of an estate is one indivisible judicial proceeding from the order appointing the administrator till his discharge," and in *Estate of Joseph,* 118 Cal. 660, 662 [50 P. 768]: "The order admitting the will to probate is not final so long as proceedings may be taken to

revoke the probate. In all subsequent stages, the contest is but a part of the proceeding to probate the will, and is not a new and distinct proceeding. The subject matter is the same, and the ultimate issue, to wit, whether the will in question should stand as probated, is the same.'' If this be so, when a defendant in a will contest appears by asking for a partial distribution that could be granted only because the will contest had been instituted it might well be held that such appearance renders section 581a inapplicable.

It thus appears that whether section 581a is or is not applicable the trial court still had jurisdiction of this proceeding, and for that reason petitioner is not entitled to a writ of prohibition.

The alternative writ is discharged and the petition for a peremptory writ is denied.

Ward, J., and Bray, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 11, 1948.